**FILED**
**UNITED STATES DISTRICT COURT**
**ALBUQUERQUE, NEW MEXICO**

**JUN 16 2016**

**MATTHEW J. DYKMAN**
**CLERK**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) CRIMINAL NOS.  15-4268 JB |
| | )                              16-1613 JB |
| ANGEL DELEON, et al., | ) |
| ANTHONY BACA, et al., | ) |
| Defendants. | ) |

*AB 6/16/16*

~~[PROPOSED]~~ **PROTECTIVE ORDER**

The Court, having considered the pleadings and oral arguments of the parties, hereby enters the following protective order (the "Order") pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure or by the agreement of the parties. Any other protective order presently in place in any of the above-referenced cases is vacated and superseded by this Order.

**Discovery materials will be disclosed to defense counsel immediately and no later than July 1, 2016, for case number 15-CR-4268 and June 1X, 2016 for case number 16-CR-1613.** The government has a continuing duty to disclose materials following those dates. Disclosure of discovery materials in the above-referenced cases will be subject to the following restrictions:

1.   All discovery materials may be reproduced and provided to the following persons defense counsel, attorneys for the United States of America, any law clerk, paralegal, secretarial, or clerical personnel regularly employed, or contracted for any of these cases, by counsel for the United States or defendants in preparation of these proceedings, including, but not limited to,

1



associate attorneys, law enforcement and defense investigators, expert witnesses, mitigation specialists, law clerks, Court personnel or stenographic reporters necessarily involved in these proceedings.

2.      All discovery materials can be disclosed to and viewed by each defendant in the presence of, and under the direct supervision of, his or her counsel, staff, or another individual described in paragraph 1 of this Order. Outside of this context, no paper copies of discovery can be provided to any defendant. In the event paper discovery is reviewed with a defendant, the individual supervising that review must ensure that no paper discovery is left with the defendant.

3.      As soon as practicable, but in no event later than August 15, 2016, the government must provide each defendant with a password protected tablet or laptop computer, or its substantial equivalent ("Computer") suitable for the purposes described herein. All government discovery materials will be loaded onto the Computers by the designated Discovery Coordinator, who will also update these Computers at regular intervals as additional government discovery materials are disclosed. These Computers must be accessible to the defendants in their cells and during legal visits. Except as provided in this Order, a defendant cannot be forced to display his or her Computer to anyone other than defense counsel or persons associated with their defense counsel as described in paragraph 1 of this Order. The password for a defendant's Computer will be set by the defendant and his counsel and will not be disclosed to counsel for the government, the United States Marshals, corrections officers, or any other member of law enforcement. Once provided to a defendant, the Computer and all data in any form inside that Computer, including any markings thereon, will be protected by the attorney/client privilege.

4.      At the conclusion of an attorney visit, a corrections officer may ask the attorney to unlock the defendant's Computer and briefly conduct a visual examination of the Computer in

the presence of the attorney and the defendant to determine if the device contains contraband or is damaged. A corrections officer performing such cursory inspection shall not attempt to read or photograph the contents of the Computer and, unless there is cause to believe that the Computer contains contraband or is damaged, shall return the Computer to the defendant in the presence of the attorney. If a cursory inspection of a Computer provides cause to believe that the Computer contains contraband or is damaged or if the government otherwise has cause to believe that the Computer contains contraband or is damaged, a corrections officer may seize the Computer. Before the Computer is taken out of the presence of the attorney, it must be powered down and turned completely off. If any Computer is seized in this manner, it shall be taken directly to the Warden of the institution and placed in a secure, locked area accessible only to the Warden until further order of the Court. The corrections officer shall immediately provide a written declaration signed under penalty of perjury as to the cause for the seizure of the Computer ("Statement of Cause"). The Court and counsel for the prosecution and the defendant shall be immediately notified of the seizure and be provided a copy of the Statement of Cause within 72 hours of the seizure of the Computer. The Court will accept input from the parties prior to conducting further proceedings regarding the seized Computer.

5. At the conclusion of the case, the Discovery Coordinator will provide defense counsel with an electronic copy of the entire contents of their client's Computer. Thereafter, all materials on the Computer will be deleted by the Discovery Coordinator, who will then return the Computers to the New Mexico Department of Corrections.

6. Nothing contained herein precludes the government, defendants, their counsel, or their respective assistants and staff from conducting an investigation of the facts of this case on behalf of the government or defendants, including interviewing witnesses, showing witness

[Handwritten annotations in margins, partially legible:]

[Right margin, next to paragraph 5:] "ask the deft to chk if the computer while it is [powered] on and it must be powered off before the visual scan takes place. Corrections officials shall not touch the computer except to any [...] it as described above."

[Bottom handwritten addition:] "At any other time, corrections officials may periodically ask the deft to unlock the Computer and visually scan the device for contraband; the deft must unlock and provide the corrections officer visual access to the computer. Corrections shall [...] 6/16/16 JB  need or [otherwise] examine the content of the Computer. The corrections official shall not"

statements contained in the discovery material to witnesses and asking witnesses about the content of such statements.

7. Unless expressly addressed herein, or allowed by a future Court order, the defendants are not to be provided paper copies of documents, investigative reports, witness interviews or other defense team work product ("Defense Materials"). If any defense team wants to provide Defense Materials to their client, defense counsel for that defendant shall upload the Defense Materials onto his or her defendant's Computer and return the Computer to the defendant. All parties acknowledge that Defense Materials handled in this manner retain all attorney-client privilege and work product protections.

8. Counsel can provide, and the defendants can possess, paper copies of publicly filed pleadings. Ex parte or sealed filings may be shown to defendants during defense team legal visits and/or loaded onto the defendant's Computers in the same manner as Defense Materials but defendants cannot have paper copies of ex parte or sealed pleadings.

9. Defense counsel shall make all reasonable efforts to recover all paper copies of discovery from this case or prior State prosecutions, all paper copies of Defense Materials, and all paper copies of ex parte or sealed pleadings currently in the possession of any defendant, from any source, within 14 days of the entry of this Order. Such material can be loaded onto that defendant's Computer as described above. In the event that defense counsel cannot recover paper copies of materials previously provided to his or her defendant, he or she shall notify the government of this fact.

10. In the event the government and/or any defense counsel need to provide any defendant with a paper copy of any document covered by this Order or want some other modification of the Order, the party seeking modification of the Order shall move the Court for

the modification. Such motion must comply with the Local Rules and set forth good cause for the requested modification. Unless exigent circumstances can be shown in the motion for a shortened briefing schedule, an ordinary briefing schedule shall apply.

11. A copy of this order must be provided to any individual working for or with the defense teams before providing that individual with copies, either electronic or paper, to any discovery material. In the event a defense team member was provided access to discovery under a previous protective order, he or she can continue to have uninterrupted access to the discovery material as long as he or she acknowledges to defense counsel receipt of this Order within seven days of its entry. Counsel for the defendants will maintain a record of all persons with access, or continuing access, to the discovery material and/or who have acknowledged receipt thereof pursuant to this Order.

12. Should counsel withdraw or cease to participate in the above-referenced cases, any discovery materials and any copies derived therefrom will be provided to new counsel once the substitution is ordered by the Court.

13. Discovery material disclosed by the government in these matters shall be used solely in connection with these proceedings, or any related appellate proceedings and collateral review. Government discovery materials shall not be used for any other purpose, including any other litigation or proceeding.

14. The provisions of this order shall remain in effect until further order of this Court.

IT IS SO ORDERED.

DATED: June____, 2016

_____
JAMES O. BROWNING
UNITED STATES DISTRICT JUDGE